**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2018
_____

RODNEY OTHEL MCINTOSH,
                                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-18-cv-00903)
District Judge:  Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 11, 2020
Before:  KRAUSE, MATEY, and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 4, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Rodney McIntosh appeals from an order of the United States District Court for the Middle District of Pennsylvania, which granted summary judgment for the Government. For the reasons below, we will affirm in part and vacate in part the District Court's judgment and remand for further proceedings.

I.

While incarcerated at USP Lewisburg, McIntosh learned at some point that his custody classification included a Public Safety Factor ("PSF") of "sex offender." See Dkt. #1-1 at 2 (dated Dec. 8, 2014, noting "PUB SFTY: GRT SVRTY, SEX OFFN"). McIntosh alleges that, at first, he was unaware of the classification but that the classification form was shared "throughout the United States penitentiaries by multiple inmates," causing him to be assaulted by several inmates. Complaint, Dkt. #1 at 1-2. In September 2017, he filed an informal resolution attempt. USP Lewisburg Staff member Mrs. J. Reibsome returned a written response stating, "You do not have a Sex Offender Public Safety Factor, nor are you classified as a Sex Offender. If it was ever placed on you, it was in error. Please see attached Custody Classification Form dated 5-19-17, showing there is no Sex Offender PSF." Dkt. #1-1 at 1.

McIntosh later filed an administrative claim under the Federal Tort Claims Act ("FTCA"), alleging that he suffered "from depression, paranoia, and severe mental anguish" because the Federal Bureau of Prisons ("BOP") "has failed to keep accurate records . . . and ha[s] erroneously labeled [him] as a sex offender with a Public Safety

2

Factor." Dkt. #1 at 13. The BOP's Acting Regional Counsel denied the FTCA claim because of insufficient evidence, as "[a] review of records shows you have no history of any sexual offenses and are not classified as a sex offender." Id. Acting Regional Counsel concluded that there was no compensable loss based on any BOP employee's negligence. Id. McIntosh then filed and later amended his complaint in the District Court, raising claims under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the FTCA, seeking $3 million in damages.

On initial screening, the District Court dismissed several claims. Dkt. #13. First, it dismissed McIntosh's Bivens claim that his due process rights were violated when he was temporarily classified as a sex offender. Id. at 6–7. Second, the District Court dismissed any claim that verbal abuse from prison staff violated McIntosh's constitutional rights. Id. at 7–8. Third, the District Court dismissed any claims of libel, slander, or defamation under the FTCA. Id. at 8. Finally, the District Court determined that McIntosh's claims of negligence for misclassifying him as a sex offender could continue. Id. at 8–9.

The Defendants then moved to dismiss, or in the alternative, for summary judgment. The Magistrate Judge recommended that the Court grant summary judgment for two reasons: (1) the FTCA claims were barred by the discretionary function exemption; and (2) in the alternative, McIntosh failed to state a claim of negligence because "the classification of McIntosh as a sex offender was warranted under Program

3

Statement 5100.08 due to his multiple infractions involving threats of sexual violence and engaging in sexual acts while incarcerated." R&R, Dkt. #50 at 19. The Magistrate Judge also determined that McIntosh could not show causation because some of the incident reports in the record showed that McIntosh was the instigator rather than the victim of assaults. Id. at 19–20. The District Court adopted the Report and Recommendation and granted summary judgment, over McIntosh's objections. McIntosh timely appealed.

II.

We exercise plenary review over the District Court's sua sponte dismissal of McIntosh's claims at screening. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). In our review, "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (citation omitted). Dismissal is appropriate "if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." Id.

We turn first to the District Court's dismissal of McIntosh's due process claim. The District Court cited Renchenski v. Williams, 622 F.3d 315, 328 (3d Cir. 2010), in which we held that "the stigmatizing effects of being labeled a sex offender, when coupled with mandatory behavioral modification therapy, triggers an independent liberty interest emanating from the Due Process Clause of the Fourteenth Amendment." But the

4

District Court read <u>Renchenski</u> more broadly, citing it for the proposition that a sex offender designation alone cannot implicate a liberty interest. Dkt. #13 at 6–7. <u>Renchenski</u> did not so hold, as that fact pattern was not before us. McIntosh's complaint alleges that he became the victim of assaults by fellow inmates because of the erroneous sex offender designation. We conclude that the District Court prematurely dismissed the claim at the screening stage. We leave it to the District Court to determine, after discovery, if appropriate, whether McIntosh has shown that the sex offender designation caused "severe changes in conditions of confinement [that amounted] to a grievous loss that should not be imposed without the opportunity for notice and an adequate hearing," <u>Renchenski</u>, 622 F.3d at 325.

We also conclude that the District Court should not have dismissed, at the screening stage, McIntosh's claims of verbal abuse from prison staff. Dkt. #13 at 7–8. In his complaint, McIntosh claimed that he was "slandered by inmates & staff with names like: chomo [child molester] & raper motherfuckers." Dkt. #1 at 2. In <u>Beal v. Foster</u>, 803 F.3d 356, 358 (7th Cir. 2015), the Court recognized that while "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment," some harassment does, including the language and actions in that case that "could have been understood by the inmates as implying that the plaintiff is homosexual," thus "increas[ing] the likelihood of sexual assaults on him by other inmates." Similarly, as McIntosh alleges that prison staff called him names that implied

5

that he was a sex offender, McIntosh might be able to establish, perhaps after discovery, that such insults resulted in increased assaults against him, or other significant harm.

The District Court also dismissed at screening any claims of libel, slander, or defamation under the FTCA. Dkt. #13 at 8. We agree that this dismissal was correct, as such claims are barred by the statute. See Brumfield v. Sanders, 232 F.3d 376, 382 (3d Cir. 2000) (citing 28 U.S.C. § 2680(h)).

In sum, as to the claims that the District Court dismissed at screening, we will vacate the District Court's June 1, 2018 order in part and remand McIntosh's due process claim and his verbal abuse claim. We express no opinion about whether those claims ultimately will succeed. We will affirm the District Court's dismissal at screening of McIntosh's libel, slander, and defamation claims.

### III.

We also exercise plenary review over the District Court's order granting the Government's summary judgment motion. See Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute over any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Kaucher, 455 F.3d at 422–23. A genuine dispute of material fact exists if the evidence is sufficient for a reasonable

6

factfinder to return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

As noted, the Magistrate Judge recommended that the Court grant summary judgment in part because the FTCA claims were barred by the discretionary function exemption. The United States has sovereign immunity from civil liability, except when it consents to be sued. See United States v. Bormes, 568 U.S. 6, 9 (2012). The FTCA provides a limited waiver of sovereign immunity for the negligent acts of government employees acting within the scope of their employment. 28 U.S.C. §§ 2671–80. But the waiver is subject to exceptions, such as the discretionary function exception, which provides that no liability shall lie for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused." See 28 U.S.C. § 2680(a). To determine whether the discretionary function exception to the waiver of immunity applies, a court must assess (1) whether the act involves an "element of judgment or choice," rather than a course of action prescribed by a federal statute, regulation, or policy; and (2) even if the challenged conduct involves an element of judgment, "whether that judgment is of the kind that the discretionary function exception was designed to shield." Mitchell v. United States, 225 F.3d 361, 363–64 (3d Cir. 2000) (quoting United States v. Gaubert, 499 U.S. 315, 322–23 (1991)).

7

Program Statement 5100.08 allows a sex offender designation, even without a conviction, if "official documentation . . . clearly indicates" the inmate's "behavior in the current term of confinement or prior history includes one or more of the following elements: . . . (4) Any sexual act or contact not identified above that is aggressive or abusive in nature (e.g., rape by instrument, encouraging use of a minor for prostitution purposes, incest, etc.)." We agree that determining whether a sexual offense is "aggressive or abusive in nature" does require some discretion. Thus, if a prison official looked at McIntosh's disciplinary record and determined that a sex offender designation was warranted, a federal court could not second-guess that determination.[1]

But at this point, the record does not support a conclusion that a prison official made a discretionary decision to place the designation in McIntosh's record. Indeed, J. Reibsome's declaration states that, upon her review of McIntosh's record, a sex offender designation would not be warranted, based on how USP Lewisburg staff interprets the Program Statement. See Dkt. #30-1 at 2. She states that "it is unclear exactly when the PSF was applied," but that the designation "was likely placed based on staff's determination," presumably at another prison, "that McIntosh engaged in sexual behavior that was abusive and/or aggressive." Id. This may or may not be true, but with no

---

[1] McIntosh's disciplinary record shows that he was found guilty on several occasions of making sexual threats to female correction officers, Dkt. #30-1 at 23, 24, 26, 27, 31, 32, 39, and twice was found guilty of "engaging in sexual acts," id. at 36, 37. McIntosh states that these "sexual act" findings were for masturbation and he notes that one was overturned after prison officials reviewed surveillance video.

8

factual support, the statement is pure speculation, and does not support the District Court's statement that "the record demonstrates that the BOP did in fact follow this procedure when it applied the sex offender PSF to McIntosh's file." Report and Recommendation, Dkt. #50 at 16; cf. BOP's Acting Regional Counsel's response, Dkt. #1 at 13 ("A review of records shows you have no history of any sexual offenses and are not classified as a sex offender."). Because there is a factual dispute over when and why the PSF was placed on McIntosh's record, summary judgment was not warranted.

Relatedly, the District Court's alternative holding, that the sexual offender designation was supported by the record, improperly resolved a factual dispute at the summary judgment phase. And finally, the District Court's conclusion that McIntosh could not show causation because he instigated some of the incidents is also premature at the summary judgment stage. McIntosh was not given any chance to take discovery. He may be able to locate evidence to back up his claim that he was attacked or to refute any assertion that he instigated an incident by showing that he was threatened with attack because of the perception that he is a sex offender.

As with the claims dismissed on screening, we express no opinion about whether McIntosh will ultimately succeed on his negligence claims. But because summary judgment was premature, we will vacate the District Court's April 2, 2019 order and will remand for further proceedings.

For all these reasons, we will affirm in part and vacate in part the District Court's order entered June 1, 2018, and vacate the order entered April 2, 2019, and remand for further proceedings.